**Gregory C. KIMBERLIN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1972.

United States Court of Veterans Appeals.

Argued May 3, 1993.

Decided May 26, 1993.

Rick Surratt (non-attorney practitioner), for appellant.

John D. Lindsay, Jr., with whom James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, and Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, were on the pleadings, for appellee.

Before KRAMER, FARLEY and HOLDAWAY, Associate Judges.

KRAMER, Associate Judge:

Appellant appeals a September 3, 1991, decision of the Board of Veterans' Appeals (BVA) which denied eligibility of appellant's daughter to Dependents' Educational Assistance (DEA) benefits under Chapter 35, title 38, United States Code Annotated. The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

Appellant entered service in July 1961 with total deafness in his left ear. R. at 1. Shortly after his discharge in August 1962, he was granted service connection for hearing loss in his right ear based on aggravation, with 10% disability. R. at 1. Following an administrative review in 1963 (R. at 4–6), appellant's award was increased to 70% in a January 1964 rating action (R. at 7–8). A rating action in February 1966 increased appellant's award to 80% for "deafness bilateral." R. at 9. In a June 1988 rating action, appellant was awarded a schedular 100% rating for "bilateral deafness," but the application for eligibility to DEA benefits for his daughter was denied on the basis of a General Counsel (GC) Memorandum, dated October 21, 1987, which concluded that where a veteran is entitled to compensation pursuant to the provisions of the paired-organ statute, 38 U.S.C.A. § 1160 (West 1991), such entitlement does not serve to provide eligibility for DEA. R. at 17, 13. This memorandum, reissued without textual change as Office of GC Precedent Opinion 75–90, dated July 18, 1990, was also the basis upon which the BVA premised its denial. *Gregory C. Kimberlin*, BVA 91–___ (Sept. 3, 1991), R. at 36. Having determined that appellant's 100% rating was based on the paired-organ statute, the BVA stated it was bound by the GC opinion. *See* 38 U.S.C.A. § 7104(c) (West 1991); 38 C.F.R. § 3.101 (1992).

Appellant's representative, in written submissions to the Court and during oral argument, contended that appellant's daughter is entitled to DEA since appellant's 100% rating is based on aggravation,

38 U.S.C.A. § 1131 (West 1991), without resort to the paired-organ statute. Br. at 8–13; Reply Br. at 1–5; Memorandum at 2–5. He also argued, alternatively, that even if appellant's 100% rating is based on the paired-organ statute, appellant's daughter is still eligible for DEA. Br. at 13–20; Reply Br. at 5–12; Memorandum at 5. The Court does not need to decide whether appellant is rated 100% pursuant to § 1131 or § 1160 because the language of 38 U.S.C.A. § 3501(a) (West 1991) is dispositive in either event for the purposes of determining DEA eligibility:

> (1) The term "eligible person" means—
> (A) a child of a person who—
>
> ....
>
> (ii) has a total disability permanent in nature *resulting from a service-connected disability* ....
>
> ....
>
> (8) The term "total disability permanent in nature" means *any disability rated total for the purposes of disability compensation* which is based upon an impairment reasonably certain to continue throughout the life of the disabled person.

(Emphasis added.) There is no dispute that appellant's daughter is a child within the meaning of § 3501(a)(1)(A), that appellant's disability is permanent, that appellant has a service-connected disability, and that appellant has a disability rated total for the purposes of disability compensation. Thus the question simply becomes whether such "disability rated total for the purposes of disability compensation" results from appellant's service-connected disability. The answer is simple in that appellant's "disability rated total for the purposes of disability compensation" would not have been so rated but for appellant's service-connected disability. The Court rejects the Secretary of Veterans Affairs' (Secretary) argument that there can be no "disability rated total for the purposes of disability compensation" where part of the rating is attributable to a non-service-connected condition. Even assuming that there can be any compensable rating attributable to a non-service-connected condition, a questionable as-

sumption in view of 38 U.S.C.A. § 101(13) (West 1991) which states, as relevant here, that " 'compensation' means a monthly payment made by the Secretary to a veteran *because of service-connected disability* " (emphasis added), such an interpretation is in conflict with the plain meaning of § 3501(a)(1)(A)(ii), (a)(8). Where neither an "absurd result" exception, nor contrary legislative intent exists, the Court applies the plain meaning rule. *See Gardner v. Derwinski,* 1 Vet.App. 584, 586–87 (1991).

The decision of the BVA is REVERSED and the matter is REMANDED for proceedings consistent with this opinion.